JEZNIS et al. v. UNITED STATES.

No. 4914.

Circuit Court of Appeals, Third Circuit.

Feb. 8, 1933.

Rehearing Denied March 2, 1933.

Warren H. Van Kirk and John S. Pyle, both of Pittsburgh, Pa., for appellants.

Louis E. Graham, U. S. Atty., and James H. Dilley, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The indictment is under the National Prohibition Act, 41 Stat. 305 (title 27, USCA). It contains one count for an unlawful sale of liquor in not more than a gallon and a like count on the same sale with an added allegation that one of the defendants had been convicted of violating the Act more than two years before. It also contains two similarly co-related counts for the unlawful possession of a large quantity of liquor. The questions on appeal are whether it was error to allow the jury to observe in the indictment—

sent out with them pursuant to Pennsylvania practice—references to the large quantity of liquor in respect to which (save the small part sold) evidence had been suppressed and nothing said at the trial, and to observe also the allegations of prior convictions of the defendant Jeznis, and (which in legal effect is the same thing) whether it was error to admit evidence of these prior convictions. The evidence on the live questions of sale and possession of a small quantity of liquor is sufficient to sustain the convictions, unaffected by any other consideration. That evidence stands uncontradicted; indeed, it was rather strengthened than weakened by the cross-examination of only two of the government's four witnesses who testified on the subject. Thus there is left for consideration only questions of law raised by the assignments of error.

These questions of error are urged as affecting the sentences which the defendants-appellants say are invalid because the indictment was drawn under provisions of the National Prohibition Law which have been repealed, particularly those in respect to proof of second offenses, and penalties therefor, and because evidence of prior convictions was improperly admitted to sustain these improper charges of the indictment. This calls for an examination of Acts amending the National Prohibition Law which provides that: "Any person who manufactures or sells liquor * * * shall for a first offense be fined not more than $1000, or imprisoned not exceeding six months," and for a second offense shall be fined a higher amount *and* imprisoned for a longer term in the court's discretion. Title 2, § 29 of the act (title 27, USCA § 46). The law places no time limit upon the occurrence of prior convictions. To impose sentence for a second offense it is of course necessary, and the law expressly provides, that the second offense be pleaded in the indictment and proved at the trial—by evidence of a prior conviction—for a finding by the jury.

In order more effectively to enforce the National Prohibition Law, the Congress, by the Act of March 2, 1929, 45 Stat. 1446, c. 473, known as the Jones Act (see 27 USCA § 91 note and § 92), increased, in cases of manufacture, sale and transportation of liquor, the maximum penalties of fine and imprisonment and thereby repealed the maximum penalties for like offenses in the original law, expressly saying, however, that its minimum penalties are not repealed. Sensing hardship under these increased penalties in certain cases, the Congress, by the Act of January 15, 1931, 46 Stat. 1636, c. 29, known as the Stobb Act (27 USCA § 91), designed to clarify that portion of the Jones Act which directs courts, in imposing sentences, to discriminate between casual and habitual violators, amended the Jones Act by providing, inter alia, that in case of sale of not more than one gallon of liquor where the accused has not within two years been convicted for a violation of the law, he shall be subject to a fine or imprisonment not to exceed a lower named maximum fine or term of imprisonment or both. Unlike the Jones Act, the Stobb Act is silent as to whether it repeals the provisions for minimum penalties in the National Prohibition law which, it should be kept in mind, distinguishes in most cases between penalties for first and second offenses without regard to whether prior convictions occurred within or beyond two years. As the Jones Act, by express terms, does not repeal these provisions, nor, through any necessity of reason or purpose that we can discern, does the Stobb Act impliedly repeal them, the two amendatory acts—Jones and Stobb—leave the provisions of the original Act as to minimum penalties and first and second offenses as they were, and also leave the operative provision of the original Act for pleading and proving prior convictions intact. It was, accordingly, not error to admit evidence under that authority to prove the essential second offenses by prior convictions, nor was prejudicial error involved in permitting the jury to read in the indictment what they had already heard from the witness-stand in respect to prior convictions. However that may be, the indictment here charges the offense of possession of liquor, the penalties for which (including the distinction between first and second offenses), as provided in the original Prohibition Law, neither the Jones Act nor the Stobb Act made any attempt to amend. The offense of possession is not mentioned in either Act. So, penalties upon conviction for that offense, a first time and a second time, remain as they were. And, also, the indictment—under all whose counts the defendants were convicted by a general verdict—with a finding of prior convictions of Jeznis—charges the maintenance of a common nuisance, an offense likewise omitted from the amendatory Jones and Stobb Acts. As to penalties for this offense the Prohibition Law does not make the usual distinction between first and second offenses. In this state of the law the sentence imposed upon the defendant Jeznis was within the penalties provided by the original Act for the offense of a nuisance; and that imposed upon the defendant Mack was

likewise within the penalties provided for conviction of the same offense. It follows that as the sentences imposed under the nuisance count alone do not exceed the penalties for a nuisance which are provided by and left undisturbed, and unquestioned, in the original law, they are good if the count be sufficient and sustained by evidence. Evans v. United States, 153 U. S. 608, 609, 14 S. Ct. 939, 38 L. Ed. 839; Pierce v. United States, 252 U. S. 239, 252, 40 S. Ct. 205, 64 L. Ed. 542. As it meets both requirements, the judgments of sentence must be affirmed.